UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **TOMMY R. HARRIS, SID #319963,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **SA-21-CV-00612-XR** |
| **v.** | § | |
| | § | |
| **LORRAINE ANN ARTEAGA, ET AL.** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER OF DISMISSAL**

Before the Court is Plaintiff Tommy R. Harris's ("Harris") *pro se* 42 U.S.C. § 1983 Civil Amended Rights Complaint. (ECF No. 10). This Court previously granted Harris's Application to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 2, 4). Upon consideration, Harris's section 1983 claims against Defendant "Assistant District Attorney," in his or her official capacity for monetary damages, are ordered **DISMISSED FOR WANT OF JURISDICTION** based on sovereign immunity. (ECF No. 10); *see* U.S. CONST. amend. XI. It is further ordered that Harris's remaining section 1983 claims are **DISMISSED WITH PREJUDICE** pursuant to sections 1915(e)(2)(B) and 1915A(b) of Title 28 of the United States Code because the claims are barred by immunity or Harris has failed to state a claim upon which relief may be granted. (ECF No. 10); *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii), 1915A(b)(1), (2).

## BACKGROUND

Harris was indicted by a grand jury in July 2020 for "repeated viol ct ord/bond cond" and "assault–family–2nd offense." *See* Search Results (bexar.org) (last visited July 29, 2021). Ultimately, the charges were dismissed in July 2020 and July 2021, respectively. *Id.* While confined, Harris filed this civil rights action against: (1) Lorraine Ann Arteaga ("Arteaga"), who

Harris identifies as his ex–wife; (2) a female San Antonio Police Department officer with the surname Brewer ("Officer Brewer"); and (3) an unidentified Bexar County Assistant District Attorney ("the ADA"). (ECF No. 10). Harris contends Arteaga and Officer Brewer "conspired" to steal his "debit card" and Arteaga "made unauthorized transactions" with the card. (*Id.*). He further claims Arteaga "made a false 911" call, instituting charges against him. (*Id.*). Harris also seems to contend Officer Brewer violated his constitutional rights by falsely arresting him, and the ADA violated his constitutional rights by defaming him, obtaining a false indictment, and instituting a malicious prosecution based on Arteaga's false complaint, resulting in his "false imprisonment." (*Id.*). In passing, he also references a claim for intentional infliction of emotional distress ("IIED"). (*Id.*). As relief, Harris seeks monetary damages and a "permenant [sic] injunction to withdraw negotiated plea." (*Id.*).

## APPLICABLE LAW

Under section 1915A(b)(1) of Title 28 of the United States Code, this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed IFP if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted). Such a dismissal may occur at any time, before or after service of process and before or after a defendant files an answer. *Shanklin v. Fernald*, 539 F. Supp.2d 878, 882 (W.D. Tex. 2008) (citing *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986)).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based

on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When reviewing a *pro se* plaintiff's complaint, the court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)); *see Haines v. Kerner*, 404 U.S. 519, 520–21(1972). However, a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

ANALYSIS

### A. *Claims Against Arteaga*

To state a claim under section 1983, a plaintiff must show the defendant violated his constitutional rights while acting *under color of state law*, i.e., was a state actor. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, 572 U.S. 1087 (2014); *see* 42 U.S.C. § 1983. Private individuals are not generally considered to be state actors subject to suit under section 1983. *Moody*, 868 F.3d at 352. Actions by private individuals may be deemed state action only when the individual's conduct is "fairly attributable to the state." *Id.* One way a private individual's conduct may be "fairly attributable to the state" is if she "is involved in a conspiracy or participates in a joint activity with state actors." *Id.* (quoting *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). To establish liability on this basis, the plaintiff must allege: (1) an agreement between the private individual and the state actor to commit an illegal act; and (2) a deprivation of constitutional rights. *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). Conclusory allegations of a conspiracy, without reference to specific facts, will not suffice. *Id.*

By Harris's own admission, Arteaga is a private citizen. (ECF No. 10). Accordingly, she is not subject to suit under section 1983 unless her acts are deemed state action based on her involvement in a conspiracy or participation in a joint activity with a state actor. Harris alleged Arteaga and Officer Brewer conspired to steal his credit card. (ECF No. 10). However, Harris has made nothing more than a conclusory allegation of a conspiracy between his ex–wife and Officer Brewer. (*Id.*). He has not alleged an *agreement* between the two to commit an illegal act and has not alleged specific facts showing an agreement. *See Priester*, 354 F.3d at 420. Moreover, he has wholly failed to state what constitutional right was violated based upon Arteaga and Officer

4

Brewer's actions in allegedly misappropriating his debit card. (*Id.*). Thus, as to Arteaga, Harris has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### B. *Claims Against Officer Brewer*

#### 1. *Alleged Theft by State Actor*

As previously noted, Harris contends Officer Brewer conspired with Arteaga to steal, and in fact stole, his debit card. (ECF No. 10). First, as discussed above, the Court finds the conspiracy claim conclusory, unsupported by any factual allegations. Second, regarding the theft allegation, the Court finds Harris has failed to state a viable claim under section 1983. Section 1983 will not support a cause of action for theft or conversion if a person's property is taken by random and unauthorized actions of state actors and the state provides an adequate post–deprivation remedy. *See Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995). Texas law provides both common law and statutory causes of action for theft. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.001–.005 (under the Texas Theft Liability Act, person is liable to another if he unlawfully appropriates property as described in sections 31.03, 31.04, 31.06, 31.07, and 31.11–14 of Texas Penal Code); *Texas Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 365–66 (Tex. App.—Dallas 2009, pet. denied) (recognizing common law action for conversion when person engages in unauthorized and wrongful assumption and exercise of dominion and control over personal property of another to exclusion of, or inconsistent with, owner's rights). Thus, as to his conspiracy and theft allegations against Officer Brewer, Harris has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

2. _Lack of Probable Cause for Arrest — Independent Intermediary Doctrine_

In addition to the foregoing, Harris seems to allege a violation of his Fourth Amendment rights based on a claim of false arrest. (ECF No. 10). He seems to suggest Officer Brewer arrested him without probable cause. (ECF No. 10). However, under the independent intermediary doctrine, "if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation" for an alleged constitutional violation based on false arrest. *Jennings v. Patton*, 644 F.3d 297, 300–01 (5th Cir. 2011) (citing *Cuadra v. Houston Indep. Sch. Dist.,* 626 F.3d 808, 813 (5th Cir. 2010)). The chain of causation remains intact only if a plaintiff shows the deliberations of the intermediary were in some way tainted by the actions of the defendant. *Id.* at 301.

Here, Bexar County records show that for each offense for which Harris was arrested, a warrant was issued. *See* Search Results (bexar.org). Thus, prior to Harris's arrest, Officer Brewer, or some other law enforcement official, obtained a warrant signed by a magistrate. *See* TEX. CODE CRIM PROC. ANN. art. 15.01 (arrest warrant is written order from magistrate directed to peace officer commanding him to take body of accused). Based on the procurement of a warrant, the causation chain for a claim of false arrest was broken under the independent intermediary doctrine. *See Jennings*, 644 F.3d at 300–01. Accordingly, as to his false arrest claim, Harris has again failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**C. Claims Against the ADA**

1. _Defamation_

Harris contends the ADA defamed him "by fabricating an indictment" against him and "advertising it to the grand jury." (ECF No. 10). Defamation is a tort under Texas law. *See, e.g.,*

*In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015); *Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 145–48 (Tex. 2014). It is well established that there is no constitutional right to be free from defamation — either libel (defamation in written form) or slander (defamation in verbal form). *See Paul v. Davis*, 424 U.S. 693 (1976) (recognizing that while State may protect against injury to reputation by virtue of its tort law, person's reputation does not implicate liberty or property interest protected by Constitution). Thus, defamation is not a cognizable claim under section 1983 because it does not involve the deprivation of any rights, privileges, or immunities secured by the Constitution or federal law. *See, e.g., Mowbray*, 274 F.3d at 277.

To the extent Harris intends to file a state tort claim of defamation against the ADA, the Court declines to exercise supplemental jurisdiction over it. *See* 28 U.S.C. § 1367(c) (describing when district courts my decline to exercise supplemental jurisdiction).

2. *Other Claims*

In addition to the defamation claim, Harris appears to allege civil rights violations against the ADA based on fabrication of an indictment, malicious prosecution, and false imprisonment. (ECF No. 10). Harris does not state whether his claims against the ADA are brought against him or her in his or her official capacity, in his or her individual capacity, or both. (*Id.*).

a.   Official Capacity — Eleventh Amendment

To the extent Harris's claims are brought against the ADA in his or her official capacity, his claims are barred by the Eleventh Amendment. *See* U.S. CONST. amend. XI. The Eleventh Amendment bars suits by private citizens against a state in federal court. *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011); *K.P. v. Leblanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney*, 437 U.S. 678, 700

(1978)); *see* U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell*, 436 U.S. at 658, 690 n.55 (1978). The bar of the Eleventh Amendment is in effect when state officials are sued for monetary damages in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cory v. White*, 457 U.S. 85, 90, (1982). This is so because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Graham*, 473 U.S. at 169 (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

With regard to section 1983 claims, the Supreme Court has held a state is not considered a "person" within the meaning of the statute. *Will*, 491 U.S. at 64. Accordingly, although state officials literally are persons, if sued in their official capacities, they are not deemed "persons" for purposes of section. *Id.* at 71. In other words, a suit against an official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. *Id.*; *Brandon*, 469 U.S. at 471. As a suit against the official's office, it is no different from a suit against the state itself. *Will*, 491 U.S. at 71 (citing *Graham*, 473 U.S. at 165–66; *Monell*, 436 U.S. at 690 n.55). Thus, section 1983 suits brought against state officials in their official capacities for monetary damages or for retrospective relief are, likewise, barred under the Eleventh Amendment. *See id.*

The Fifth Circuit has stated on numerous occasions that district attorneys and assistant district attorneys in Texas are agents of the state when acting in their prosecutorial capacities. *See, e.g., Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009). Thus, Harris's claims against the ADA in his or her official capacity for monetary damages, which is the only viable relief sought

by Harris are subject to dismissal for want of jurisdiction based on sovereign immunity. *See Will*, 491 U.S. at 71; *see also* U.S. CONST. amend. XI.

           b.   Individual Capacity — Prosecutorial Immunity

       To the extent Harris asserts section 1983 claims against the ADA in his or her individual capacity for monetary damages — again, the only viable relief sought — such claims are barred by prosecutorial immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269–73 (1993); *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993). Prosecutors are absolutely immune from liability in a civil rights lawsuit seeking monetary or other retrospective relief for any actions taken by them within the course and scope of representing governmental agencies and subdivisions in judicial proceedings, i.e., when acting as advocates of the state. *Buckley*, 509 U.S. at 269–73; *Booker*, 2 F.3d at 116. "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley*, 509 U.S. at 273. Prosecutors are immune even if their actions are malicious or willful if the actions occur in the exercise of the advocatory function. *Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003).

       Harris has not alleged any facts showing the ADA was acting outside the course and scope of his or her role as an advocate for the State of Texas regarding the criminal prosecutions against him. (ECF No. 10). Thus, Harris's claims against the ADA based on alleged indictment improprieties, malicious prosecution, and false imprisonment are subject to dismissal based on prosecutorial immunity. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

### D. IIED

       In his Complaint, Harris makes a passing reference to IIED. (ECF No. 10). IIED, like defamation, is a tort under Texas law. *See Hoffmann–La Roche Inc. v. Zeltwanger*, 144 S.W.3d

438, 447 (Tex. 2004) (holding IIED is "gap–filler tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress."). Section 1983 provides a mechanism for individuals to sue state actors for violations of *federal* law; section 1983 is not concerned with violations of state law. *See Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). Additionally, to the extent Harris intends to file a state tort claim of IIED against the ADA, the Court declines to exercise supplemental jurisdiction over it. *See* 28 U.S.C. § 1367(c).

Moreover, the Court finds the claim of IIED as pled is vague and conclusory. *See* FED. R. CIV. P. 8(a). First, Harris fails to state against whom the claim is asserted. (*Id.*). Second, he fails to any factual allegations in support of the claim. (*Id.*). His conclusory allegation of IIED lacks the specificity required for a civil rights claim *See* FED. R. CIV. P. 8(a). A conclusory complaint, or one that fails to state material facts, may be dismissed for failure to state a claim. *See Rios v. City of Del Rio*, 444 F.3d 417, 426 (5th Cir. 2006). Thus, Harris's IIED claim is subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### E. *Improper Request for Relief*

In addition to monetary damages, Harris seeks a "permanant [sic] injunction to withdraw negotiated plea." (ECF No. 10). Bexar County court records do not show the existence of a plea agreement resulting in a judgment; rather, pending criminal charges were dismissed. *See* Search Results (bexar.org). Moreover, to the extent Harris sought release by way of pleading for an injunction, this request is moot given the dismissal of all pending charges and his subsequent release. *See id.*

10

CONCLUSION

The Court finds Harris has failed to state a viable section 1983 against any of the named Defendants. Specifically, Harris's claims are either: (1) subject to dismissal for want of jurisdiction; (2) subject to dismissal because they are barred by immunity; or (3) subject to dismissal because he has failed to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** Harris's section 1983 claims against Defendant "Assistant District Attorney," in his or her official capacity for monetary damages, (ECF No. 10) are **DISMISSED FOR WANT OF JURISDICTION** based on sovereign immunity. *See* U.S. CONST. amend. XI.

**IT IS FURTHER ORDERED** that Harris's remaining section 1983 claims against Defendants (ECF No. 10) are **DISMISSED WITH PREJUDICE** because the claims are barred by immunity or Harris has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii), 1915A(b)(1), (2).

It is so **ORDERED**.

**SIGNED** this 30th day of July, 2021.

Xavier Rodriguez
United States District Judge

11